EVANS *v.* CITY OF DETROIT ELECTION COMMISSION.

Opinion of the Court.

1. Elections—Candidates—Similar Surnames—Ballot Designation.

Whenever 2 or more candidates for office in a State election have the same or similar surnames, the board of election commissioners is required at the request of any such candidate to print beneath his name on the ballot his occupation or residence as an identifying designation (CLS 1961, § 168.561, as amended by PA 1967, No 36).

2. Same—Purity of Elections—Legislature.

The State legislature is required by the State Constitution to enact laws to preserve the purity of elections, to preserve the secrecy of the ballot, and to guard against abuses of the elective franchise (Const 1963, art 2, § 4).

3. Same—Candidates—Similar Names—Ballot Designation.

Granting by Detroit election commission of primary ballot designation "former judge of recorder's court" to 2 candidates with surnames identical or nearly identical to those of other candidates *held,* proper under State elections statute empowering commission to grant identifying designations in such cases where the geographic size of electorate and similarity of occupations of candidates rendered impracticable the specific designations of occupation or residence authorized by statute (CLS 1961, § 168.561, as amended by PA 1967, No 36).

---

References for Points in Headnotes

[1, 3, 5]  26 Am Jur 2d, Elections § 218.
[2]  25 Am Jur 2d, Elections §§ 4, 6.
[4]  5 Am Jur 2d, Appeal and Error § 1009.

4. COSTS—PUBLIC QUESTION—BALLOT DESIGNATIONS.
    No costs are awarded on appeal in dispute over whether certain
    candidates for office of judge of recorder's court of Detroit
    are entitled to identifying designation "former judge of
    recorder's court", a public question being involved (CLS 1961,
    § 168.561, as amended by PA 1967, No 36).

DISSENTING OPINION.

ADAMS, J.

5. ELECTIONS—CANDIDATES—SIMILAR SURNAMES—BALLOT DESIGNA-
    TION.
    *Provision in State election law permitting ballot designation of*
    *residence or occupation whenever 2 or more candidates for*
    *office have the same or similar surnames does not permit ballot*
    *designation identifying candidate by* former *occupation (CLS*
    *1961, § 168.561, as amended by PA 1967, No 36).*

Appeal from Court of Appeals, Division 1, Le-
sinski, C. J., and J. H. Gillis and Levin, JJ., revers-
ing Wayne, Martin (George T.), J. Submitted on
briefs September 27, 1968. (Calendar No. 15, Dock-
et No. 52,097.) Order affirming Court of Appeals
July 10, 1968. Opinions filed November 11, 1968.

Complaint by Robert L. Evans, as plaintiff, and
Walter Kurz, as intervening plaintiff, against City
of Detroit Election Commission, Thomas D. Lead-
better, Hon. Vincent J. Brennan and Ed. Carey,
members thereof, and Arthur J. Koscinski and John
R. Murphy, as intervening defendants, for order of
superintending control to enjoin defendant Election
Commission from granting ballot designation to in-
tervening defendants. Judgment for plaintiffs. De-
fendants appeal. Order vacated by Court of Ap-
peals. Plaintiffs appeal. Affirmed.

*Booker T. Williams,* for plaintiff Evans.

*Walter Kurz, in propria persona.*

*Robert Reese,* corporation counsel, and *Robert D. McClear,* assistant corporation counsel, for defendant City of Detroit Election Commission.

*Nelson & McGuire,* for defendant Murphy.

*Patrick J. Keating,* for defendant Koscinski.

T. M. Kavanagh, J. Plaintiff Robert L. Evans, intervening defendants Arthur J. Koscinski and John R. Murphy, and seven other candidates, including Raymond A. Kosinski and J. J. Murphy, were candidates for office of judge of recorder's court of the city of Detroit in the August 6, 1968, primary election.

The intervening defendants, Arthur J. Koscinski and John R. Murphy, requested and were granted by the Detroit election commission a ballot designation of "Former Judge of Recorder's Court" to distinguish them—because of the similarity of their names—from candidates Raymond A. Kosinski and J. J. Murphy.

On July 2, 1968, the plaintiff filed a complaint for an order of superintending control in the Wayne county circuit court against the Detroit Election Commission alleging that candidates Arthur J. Koscinski and John R. Murphy had no right to such ballot designations. On July 3, 1968, Judge Martin in the Wayne county circuit court issued an order of superintending control enjoining the Detroit Election Commission from printing the designation "Former Judge of Recorder's Court" under the names of Arthur J. Koscinski and John R. Murphy.

The intervening defendants filed a claim of appeal with an ancillary motion for emergency consideration. On July 5, 1968, the Court of Appeals entered an order vacating the order of Judge Martin and granting the requested designations.

On July 10, 1968, this Court granted the emergency application for leave to appeal and affirmed the Court of Appeals on authority of *Sullivan* v. *Secretary of State* (1964), 373 Mich 627, with Justice ADAMS dissenting and Chief Justice DETHMERS not participating.  381 Mich 761.

In *Sullivan* the majority of this Court required the defendant Wayne County Election Commission to provide by its order a ballot designation as "former assistant attorney general" for plaintiff Joe B. Sullivan, a candidate for partisan nomination to the office of prosecuting attorney for the county of Wayne in the then impending primary election.

The defendant board at first had granted plaintiff's request for a ballot designation as "assistant attorney general" but, on complaint of the other candidates, the board rescinded its previous action and instead granted both candidates named Sullivan ballot designations of their respective residence addresses.

Pursuant to section 561 of the Michigan election law[1] plaintiff Joe B. Sullivan sought to have reviewed here this later action.  The cited statute under consideration in *Sullivan* read as follows:

"The said ballots so prepared by the board of election commissioners in each county for use by the electors of any political party at said primary election shall include the names of all candidates of said political party for the office of governor, lieutenant governor and United States senator, the names of all candidates of said political party for district offices, and, in each county, the names of all candidates of said political party for county offices: Provided, That if 2 or more candidates for the same office have the same or similar surnames, the board of election commissioners, upon the request of any

---

[1] CLS 1961, § 168.561 (Stat Ann 1956 Rev § 6.1561).

such candidate filed in writing not later than 3 days after the last day for filing nominating petitions, shall print the occupation or residence of each of such candidates having the same or similar surnames on the ballot or ballot labels under their respective names. The term 'occupation' shall be construed to include political office, even though it is not the candidate's principal occupation.

"The name of any candidate shall be printed showing the given name or abbreviation or initials of the given name of the candidate, and, in the case of a married woman, shall not be printed showing the husband's given name."

The current constitutional authority from which the legislature derived its power to enact such legislation is Const 1963, art 2, § 4, reading:

"The legislature shall enact laws to regulate the time, place and manner of all nominations and elections, except as otherwise provided in this constitution or in the constitution and laws of the United States. The legislature shall enact laws to preserve the purity of elections, to preserve the secrecy of the ballot, to guard against abuses of the elective franchise, and to provide for a system of voter registration and absentee voting. No law shall be enacted which permits a candidate in any partisan primary or partisan election to have a ballot designation except when required for identification of candidates for the same office who have the same or similar surnames."

Justice SOURIS, writing for the majority of the Court in *Sullivan*, held that the legislative purpose of section 561, above quoted, was to provide an effective means of identifying to the electorate candidates for public office with the same or similar surnames. The Court concluded that the means used by the Wayne county election commission—that of designating the 2 candidates named Sullivan

only by their respective residence addresses in a large metropolitan area like Wayne county—was inadequate to carry out the legislative purpose. Further, that their common occupation, since both were attorneys, did not suffice as ballot designations to identify them adequately from the standpoint of the elector seeking to cast an effective vote for the Sullivan of his choice.

Since neither of the alternatives expressly provided by our statute was suitable to its objective, this Court ordered that plaintiff Joe B. Sullivan be granted the only designation ("former assistant attorney general") which would distinguish him effectively from his opponent bearing the same surname, notwithstanding the absence of express statutory provision for use of a former occupation for such purpose.

The Court's justification, in ordering the designation "former assistant attorney general," was based upon profound regard for a three-fold constitutional purpose, that of effecting a meaningful identification of candidates for partisan office, of preservation of the purity of elections, and of guarding the public against abuses of the elective franchise.

In the instant case neither of the statutory provisions as to residence or occupation would effectively distinguish the candidates bearing similar surnames.[2] Applying the law of *Sullivan* to these facts, and drawing as *Sullivan* did upon *Elliott v. Secretary of State* (1940), 295 Mich 245, we conclude that the use of the designation "Former Judge of Recorder's Court" is proper.

---

[2] Note that subsequent to *Sullivan v. Secretary of State* (1964), 373 Mich 627, the statute was amended by PA 1967, No 36 (Stat Ann 1968 Cum Supp § 6.1561), effective November 2, 1967, to include candidates for nonpartisan offices.

We affirm the decision of the Court of Appeals vacating the order of Judge Martin in the trial court and granting the requested designations.

No costs, a public question being involved.

DETHMERS, C. J., and KELLY, BLACK, and T. E. BRENNAN, JJ., concurred with T. M. KAVANAGH, J.

ADAMS, J. (*dissenting*). I do not construe PA 1967, No 36, as permitting the action which was taken by the Court of Appeals. See my dissenting opinion in *Sullivan* v. *Secretary of State,* 373 Mich 627. I would reverse the Court of Appeals and affirm Judge Martin.

O'HARA, J., did not sit.